NO. 25-10548

# In the United States Court of Appeals for the Fifth Circuit

IN THE MATTER OF WILLIAM R. CANADA, JR.
**Debtor**

**WILLIAM R. CANADA, JR.**

**Appellant,**

**v.**

**DANIEL J. SHERMAN**

**Appellee.**

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
Case No. 3:23-cv-2834
_____

**BRIEF OF APPELLANT WILLIAM R. CANADA, JR.**
_____

John P. Lewis, Jr.
Texas State Bar No. 12294400
HAYWARD PLLC
10501 N. Central Expwy., No. 106
Dallas, Texas 75231
Telephone: 972-755-7106 (Direct/Fax)
Email:  jplewisjr@haywardfirm.com
ATTORNEYS FOR APPELLANT WILLIAM R. CANADA, JR.

**ORAL ARGUMENT REQUESTED**
Dated: August 29, 2025

## **CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record hereby certifies that the following persons and entities, as described in the fourth sentence of *Rule 28.2.1*, have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. **Appellant/Debtor**

   William R. Canada, Jr., Chapter 7 Debtor

2. **Appellant's Counsel**

   John P. Lewis, Jr.
   Texas State Bar No. 12294400
   HAYWARD PLLC
   10501 N. Central Expwy., No. 106
   Dallas, Texas 75231
   Telephone: 972-755-7106
   Email: jplewisjr@haywardfirm.com

3. **Appellee/Trustee**

   Daniel J. Sherman, Chapter 7 Trustee

4. **Appellee's Counsel**

   Daniel J. Sherman
   Sherman & Yaquinto, L.L.P.
   509 N. Montclair Avenue
   Dallas, Texas 75208
   Telephone: (214) 942-5502
   Email: corky@syllp.com

                                        */ s / John P. Lewis, Jr.*
                                        John P. Lewis, Jr.
                                        Attorney of Record for Appellant -
                                        Debtor

## STATEMENT REGARDING ORAL ARGUMENT

This appeal presents two fundamental issues impacting bankruptcy practice in Texas:

(1)   Is a debtor's property interest in property that cannot be seized, attached, levied upon, or otherwise reached by a judgment creditor under Texas statutes "exempt" property for purposes of Section 522(b) of the United States Bankruptcy Code even if such property interest is not specifically listed in the categories of "exempt property" in Chapter 42 of the Texas Property Code or specifically designated as "exempt property" elsewhere in the statutes?

(2)   Whether a Chapter 7 Bankruptcy Trustee possesses, and can exercise, greater rights than those of a state law creditor or turnover receiver as to a debtor's interest in a Texas limited liability company ("*LLC Interest*")?

Texas statutes expressly prohibit creditors from seizing an interest in a limited liability company owned by a debtor or the assets held by that limited liability company; instead, Texas law limits the creditor's rights *vis a vis* the LLC Interest to a statutory charging order *if and only if* the limited liability company is making distributions.  This express statutory prohibition and restriction makes the LLC Interest itself exempt from execution by creditors.   Nonetheless, the Bankruptcy Court below sustained (and the District Court affirmed) the Bankruptcy Trustee's objection to Debtor's claim of exemption as to an LLC

Interest from which no distributions have been made or are expected in the foreseeable future, ruling that "the [LLC] Interest constitutes non-exempt property of the estate."

Appellant requests oral argument in this appeal and suggests that such argument will aid the adjudicative process, especially considering that the Texas Supreme Court has not decided the issue. Oral argument will allow the Court to question the parties as to the impact of any ruling in this case on the future administration of bankruptcy estates and its adherence to underlying state law as required by the United States Supreme Court's decision in *Butner v United States*, 440 U.S. 48 (1979) holding that property interests are created and defined by state law.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ....................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ............................................ iii

TABLE OF AUTHORITIES ...........................................................................vi

I.      JURISDICTIONAL STATEMENT ................................................1

II.     ISSUES PRESENTED FOR REVIEW ..........................................2

III.    STATEMENT OF THE CASE ......................................................4

IV.     STANDARD OF REVIEW...........................................................5

V.      STATEMENT OF FACTS ............................................................5

VI.     SUMMARY OF ARGUMENT.....................................................7

VII.    ARGUMENT AND AUTHORITIES ............................................8

        A.      Under the Plain Meaning of the Applicable Texas
                Statutes, the DAD Interest is Exempt from Execution. ........................8

        B.      The Rationales of the Courts Below for Rejecting the
                Plain Language of the Texas Statutes are Erroneous and
                Should be Rejected by this Court .........................................................14

                a.      Appellant has Cited, as Authority Supporting his
                        Arguments, the Plain Language of the Applicable
                        Texas Statutes and Certain Supporting
                        Commentaries and Cases. ........................................................14

                b.      Neither the Bankruptcy Law nor Texas Law Limit
                        State Law Exemptions to Those Found in the
                        Texas Constitution or Texas Property Code. .............................18

                c.      The Trustee is Subject to the Plain Language of the
                        Statutes Discussed Herein.........................................................23

VIII. CONCLUSION ..........................................................................26

CERTIFICATE OF COMPLIANCE.......................................................27

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 564-67 (5th Cir. 2010) ................................................................................ 18, 19

*Bran v. Spectrum MH, LLC*, 2023 WL 5487421 (Tex. App.—Houston [14th Dist.] 2023) ..............................................................................................27

*Bran v. Spectrum MH, LLC*, No. 14-22-00479-CV, 2023 WL 5487421, at *11 (Tex. App. Aug. 24, 2023) .................................................................15

*Butner v. United States*. 440 U.S. 48, 55 (1979)...................................2,15

*City of Round Rock v. Rodriguez*, 399 S.W.3d 130, 137 (Tex. 2013)......17

*Klinek v. LuxeYard, Inc*., 672 S.W.3d 830, 833–34, 839–40 (Tex. App. 2023) .....14

*Mem'l Hermann Healthcare Sys., Inc., v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir.2008) ........................................................19

*Pajooh v. Royal W. Invs. LLC, Series E*, 518 S.W.3d 557, 560, 562-563 (Tex. App. 2017) ................................................................................ 11, 27

*Rose v. Select Portfolio Servicing, Inc*., 945 F.3d 226, 231 (5th Cir. 2019) ..........17

*Stanley v. Reef Secs., Inc*., 314 S.W.3d 659, 664 (Tex. App.—Dallas 2010, no pet.) .................................................................................11

*TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) ........13

*Turrill v. McCarthy*, 114 Iowa, 681, 87 N. W. 607 ...................................13

*Walgreens v. McKenzie*, 713 S.W.3d 394, 399 (Tex. 2025) ..................13

*Warfield*, 436 F.3d at 558 ........................................................................19

*WC 4th & Colorado, LP v. Colorado Third St., LLC*, No. 14-22-00764-CV, 2025 WL 1225841, at *4 (Tex. App. Apr. 29, 2025)....................................19

*Williams v. Smith*, 117 Wis. 142, 93 N. W. 464." Section 101.112(d)...................13

**Statutes**

§ 101.112 (f)............................................................................................16

11 U.S.C. §§101, ET SEQ**.** ...............................................................4, 26

11 U.S.C.A. § 522 (West) ........................................................................26

28 U.S.C. § 1291 .......................................................................................4

28 U.S.C. § 157(b)(2)(B) ...........................................................................3

28 U.S.C. §1334 ........................................................................................3

28 U.S.C. §158............................................................................................3

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure....................4

Section 101.112(d) of the Texas Business Organizations Code...............16

TEX. BUS. ORGS. CODE §§ 101.112(d), 153.256(d).........................27

Tex. Gov't Code Ann. § 821.005 (West) ................................................22

Tex. Gov't Code Ann. § 831.004 (West) ................................................23

Tex. Gov't Code Ann. § 836.004 (West) ................................................23

Tex. Gov't Code Ann. § 841.006 (West) ...................................................22
Tex. Ins. Code Ann. § 1108.051 (West) ...................................................21
Tex. Ins. Code Ann. § 1575.006 (West) ...................................................22
Tex. Ins. Code Ann. § 1601.008 (West) ...................................................22
Tex. Labor Code Ann. § 408.201 (West) .................................................25
Texas Government Code § 615.005(b) ....................................................24
Texas Human Resources Code § 31.040 .................................................24
Texas Human Resources Code § 32.036 .................................................24
Texas Insurance Code § 885.316 .............................................................25
Texas Labor Code § 207.075 ...................................................................25
Texas Revised Civil Statues art. 6243o § 1.05 .......................................24
Texas Revised Civil Statues art. 6243q § 1.05 .......................................24
Texas Revised Civil Statutes art. 6243a-1 § 8.03 ..................................24
Texas Revised Civil Statutes art. 6243d-1 § 17 .....................................23
Texas Revised Civil Statutes art. 6243e § 5 ...........................................23
Texas Revised Civil Statutes art. 6243e.1 § 1.04 ..................................23
Texas Revised Civil Statutes art. 6243g-4 § 28 .....................................23
Texas Revised Civil Statutes art. 6243j § 20 ..........................................23
Texas Revised Civil Statutes art. 6243n § 11(d) ....................................21

**Other Authorities**

Black's Law Dictionary, 571 (6th Ed. [*7] 1999) .....................................13
ELEMENTS OF THE TURNOVER STATUTE, 2018 TXCLE-AFL 33-II, 2018
    WL 6366522 ......................................................................... 14, 20
Pers. Prop. Code 42.002 (b) ....................................................................21

# I.    JURISDICTIONAL STATEMENT

The United States Bankruptcy Court for the Northern District of Texas, Dallas Division ("*Bankruptcy Court*") had jurisdiction over Appellant's Chapter 7 bankruptcy case and all proceedings arising in or related to such Chapter 7 bankruptcy case pursuant to 28 U.S.C. §1334. The contested matter giving rise to this appeal was a core proceeding under 28 U.S.C. § 157(b)(2)(B).

The *Order Regarding Trustee's Objection to Debtor's Claimed Exemptions* ("*Exemption Order*")[1] was entered on December 5, 2023, and is a final order disposing of all issues raised by the underlying objection resulting in such order. Appellant timely filed his *Notice of Appeal*[2] to the United States District Court for the Northern District of Texas, Dallas Division ("*District Court*") on December 19, 2023, within the 14-day period provided by Rule 8002 of the Federal Rules of Bankruptcy Procedure.  This District Court had jurisdiction of that appeal pursuant to 28 U.S.C. §158.

The District Court entered its Order ("*Affirmance Order*") affirming the Bankruptcy Court's Exemption Order on March 18, 2025.[3]

Appellant filed a *Notice of Appeal to United States Court of Appeals for the Fifth Circuit* as to the Exemption Order and the District Court's Affirmance Order

---

[1] ROA.9-20.
[2] ROA.7,8.
[3] ROA.153-159.

on April 16, 2025.[4] The appeal was filed timely within the 30-day period provided

by Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure.

Accordingly, this Court has jurisdiction of this appeal pursuant to 28 U.S.C.

§ 1291.

## II.    ISSUES PRESENTED FOR REVIEW

1.    Whether a debtor claiming Texas state law exemptions under Section

522 of the United States Bankruptcy Code (11 U.S.C. §§101, et seq., "Bankruptcy

Code") may exempt his 70% membership interest in a Texas limited liability

company from becoming property of the estate under Section 541 of the

Bankruptcy Code because, by Texas statute [Section 101.112 of the Texas

Business Organizations Code], a charging order against distributions is the

exclusive remedy for creditors of the member to satisfy their judgments out of such

membership interest.

2.    Whether a debtor claiming Texas state law exemptions under Section

522 of the Bankruptcy Code may exempt a 70% membership interest in a Texas

limited liability company from becoming property of the estate under Section 541

of the Bankruptcy Code because, by Texas statute [Section 101.112 of the Texas

Business Organizations Code], neither a creditor of such member, nor a receiver

---

[4] ROA.160-180.

appointed over that member's assets, has the right to foreclose on such membership interest.

3.     Whether a debtor claiming Texas state law exemptions under Section 522 of the Bankruptcy Code may exempt a 70% membership interest in a Texas limited liability company from becoming property of the estate under Section 541 of the Bankruptcy Code because, by Texas statute [Section 101.112 of the Texas Business Organizations Code], neither a creditor of such member, nor a receiver appointed over that member's assets, has the right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, either the membership interest or the property of such LLC (in this case, DAD Drilling, LLC).

4.     Whether the Courts below erred in finding and concluding that Section 101.112 of the Texas Business Organizations Code was not the equivalent of a state law exemption statute for purposes of determining exempt property under Section 522 of the Bankruptcy Code.

5.     Whether the Courts below erred in finding and concluding that the Debtor's 70% membership interest in DAD Drilling, LLC was not exempt property and thus denied Debtor's claimed exemption for such membership interest.

### III.    <u>STATEMENT OF THE CASE</u>

Appellant William R. Canada, Jr. was the "debtor" in a Chapter 7 bankruptcy case[5] in which he claimed a state law exemption under a Texas statute for his 70% membership interest in DAD Drilling, LLC ("*DAD Drilling*"), a Texas limited liability company, pursuant to Section 522(b)(3) of the United States Bankruptcy Code.[6] That bankruptcy statute allows a debtor to elect state law exemptions (instead of federal law exemptions) for the debtor's interests in property qualifying for an exemption provided by state law. The Bankruptcy Court entered its Exemption Order denying Appellant's exempt property claim as to his DAD Drilling membership interest, rejecting Appellant's argument that the inability of creditors or others to seize, foreclose, sell, or execute on his DAD Drilling membership interest constituted an "exemption" for such interest.[7] The District Court affirmed that ruling and Appellant has now appealed that ruling to this Court.[8]

The fundamental issue on this appeal is whether a membership interest in a Texas limited liability company is exempt property for purposes of the state law exemptions allowed under Section 522 the Bankruptcy Code because, according to

---

[5] Except for this appeal, the Debtor's bankruptcy is resolved, and he has been issued a discharge.
[6] ROA.47-50.
[7] ROA.9-20.
[8] ROA.7,8, 160-180.

Texas statutes, judgment creditors and others cannot attach or otherwise execute on such membership interest, nor the property that it owns, to satisfy their claims.

## IV.   STANDARD OF REVIEW

This appeal presents only issues of law. The appropriate standard of review is *de novo* for the legal issues on this appeal.

## V.   STATEMENT OF FACTS

As both courts below noted, the facts involved in this appeal are undisputed. Appellant, William Ralph Canada, Jr. ("Appellant" or "Debtor"), filed a Chapter 7 bankruptcy case on March 27, 2023.[9]   Appellee, Daniel J. "Corky" Sherman ("Trustee"), was appointed as Chapter 7 Trustee to administer Debtor's bankruptcy estate.[10]

In his Summary of Assets and Liabilities, Schedule C, filed on April 7, 2023, Debtor claimed as exempt under § 101.112 TX Business Organizations Code, his 70% membership interest in DAD Drilling, LLC.[11]   On August 24, 2023, the Trustee filed an Objection to Debtor's claims of exemption under Texas law.[12] The Objection addressed (1) Debtor's 70% ownership interest (the "DAD Interest") in the limited liability company called DAD Drilling, LLC ("DAD Drilling"), and (2) Debtor's homestead exemption in real property that he owned in

---

[9] ROA.47-50.
[10] ROA.47-50.
[11] ROA.63-65.
[12] ROA.86-89.

Aubrey, Texas (the "Homestead Property").[13]  After trial on December 23, 2023,

the Bankruptcy Court entered its *Order Regarding Trustee's Objection to Debtor's*

*Claimed Exemptions*, overruling Trustee's objection as to the homestead property

but sustaining Trustee's objection as to the Debtor's membership interest in DAD

Drilling.[14]

In the Exemption Order, the Bankruptcy Judge summarized her findings of

fact relevant to the LLC interest in dispute as follows:

> The Debtor testified that DAD Drilling was formed under the Texas
> Business Organizations Code in 2010. The Debtor owns seventy percent
> (70%) of DAD Drilling's interests, with the remainder (30%) held by
> Rodney Johns, a friend of the Debtor's. Although the Debtor originally
> intended to use DAD Drilling to invest in the energy industry, the only asset
> which DAD Drilling currently holds is stock in an Irish semiconductor
> company called IceMos. The Debtor testified that the IceMos stock
> certificate is held directly by DAD Drilling, LLC, and not by either one of
> its members. The Debtor testified that IceMos has never issued a distribution
> to its stockholders, but he believes it will eventually go public.

Exemption Order at Page 3.[15]

Debtor timely filed a notice of appeal from the Exemption Order to the

District Court before Judge Ada Brown[16]; the Trustee did not appeal the ruling that

the Homestead Property was exempt and that ruling was not in issue in the District

---

[13] ROA.86-89.
[14] ROA.9-20.
[15] ROA.11.
[16] ROA.7,8.

Court before Judge Brown.  On March 19, 2025, Judge Brown entered her order affirming the Exemption Order.[17]

This appeal followed.

## VI.    SUMMARY OF ARGUMENT

Debtor claimed a state law exemption under a Texas statute for his 70% membership interest in DAD Drilling pursuant to Section 522(b)(3) of the United States Bankruptcy Code.[18] That bankruptcy statute allows a debtor to elect state law exemptions (instead of federal law exemptions) for the debtor's interests in property qualifying for an exemption provided by state law. The Bankruptcy Court entered its Exemption Order denying Debtor's exempt property claim as to his DAD Drilling membership interest, rejecting Appellant's argument that the statutory inability of creditors and others to seize, foreclose, sell, or execute on his DAD Drilling membership interest (or the property that it owns) was an "exemption" for such interest provided by state law. The District Court affirmed that ruling and Appellant now appeals that ruling to this Court.

The issue on this appeal is whether a membership interest in a Texas limited liability company is exempt property for purposes of the Bankruptcy Code because, according to the plain language of the Texas statute, judgment creditors

---

[17] ROA.153-159.

[18] There is no dispute (and the lower courts found) that the other 30% interest in the limited liability company was owned by an individual who is not related to the Debtor – thus, this appeal does not involve a 100% owned limited liability company although the Texas statutes limiting creditor remedies to a charging order apply equally to a 100% owned LLC.

and others cannot attach or otherwise execute on such membership interest to satisfy their claims.

## VII.  ARGUMENT AND AUTHORITIES

### A. Under the Plain Meaning of the Applicable Texas Statutes, the DAD Interest is Exempt from Execution.

Section 101.112(d) of the Texas Business Organizations Code provides that "[t]he entry of a charging order is the **exclusive** remedy by which a judgment creditor of a member or of any other owner of a membership interest may satisfy a judgment out of the judgment debtor's membership interest."  Tex. Bus. Orgs. Code Ann. § 101.112 (West) (emphasis added).  Section 101.112(b) in turn provides that "the judgment creditor has **only** the right to receive any distribution to which the judgment debtor would otherwise be entitled in respect of the membership interest" while Subsection (c) of that statute provides that "[t]he charging order lien **may not be foreclosed** on under this code or any other law" and Subsection (f) provides that "[a] creditor of a member or of any other owner of a membership interest **does not have the right** to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited liability company." (Emphasis added).

The aggregate effect and result of these Texas statutory provisions is that "the entry of a charging order is the 'exclusive remedy by which a judgment

creditor of a member or of any other owner of a membership interest may satisfy a judgment out of the judgment debtor's [limited liability] membership interest.'…[and] the relief associated with the issuance of a charging order is very explicitly and narrowly confined to the judgment creditor's right to receive distributions to which the debtor member is otherwise entitled." Rights of judgment creditor—Charging order, 20 Tex. Prac., Business Organizations § 20:20 (3d ed.).

Texas courts have stated that the reasoning for limiting a creditor's remedy to a charging order against distributions only is to prevent a judgment creditor from disrupting an entity's business by forcing a sale of the member's interest or the entity's assets to satisfy a debt of the individual member's interest. As the Houston Court of Appeals recently stated in *Pajooh v. Royal W. Invs. LLC, Series E*:

> The charging order was developed to prevent disruption of a partnership's business by a judgment creditor seeking to force an execution sale of a partner's interest to satisfy a nonpartnership debt. *Stanley v. Reef Secs., Inc.*, 314 S.W.3d 659, 664 (Tex. App.—Dallas 2010, no pet.). **It "entitles the judgment creditor to receive a partner's share" of profits directly from the partnership "when and if those profits are distributed."** *Id.* **But it does not entitle a creditor to participate in the partnership or to compel a distribution of profits.** *Id.* at 664–65. **A judgment creditor may not "obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited partnership."** TEX. BUS. ORGS. CODE § 153.256(f)."

518 S.W.3d 557, 562-563 (Tex. App. 2017) (emphasis added). Consequently, the inability of a judgment creditor to attach, seize, or execute on such membership

interest or the entity's underlying assets, unless distributed, effectively constitutes an "exemption" for such membership interest as a practical matter. To hold otherwise, is to place semantics over the plain import of the applicable Texas statutes.

To be clear, the Exemption Order related to the DAD Drilling membership interest *itself* – not to any funds or other property distributed to the Debtor on account of that membership interest that could under these statutes be the subject of a charging order. The Trustee neither alleged in his Exemption Objection nor presented evidence at trial that DAD Drilling had made distributions to its members in the past or will make distributions in the foreseeable future; to the contrary, the Bankruptcy Court found that "[t]he Debtor testified that IceMos has never issued a distribution to its stockholders."[19] Further, in Paragraph 9 of his Exemption Objection, the Trustee addressed only "the Debtor's interest in DAD Drilling LLC" and not of any distributions that the Trustee might be entitled to seize under Texas law.[20]

The DAD Interest, an LLC interest in a limited liability company with more than one member, is not subject to execution (and cannot be attached) under the foregoing Texas law. As noted, Section 101.112(d) of the Texas Business

---

[19] ROA.11. There was no evidence rebutting or disputing Debtor's testimony.
[20] ROA.88. Likewise, on Schedule C of his Bankruptcy Schedules, Appellant listed his 70 % interest in DAD Drilling LLC as exempt but not any distributions from the LLC. ROA.64.

Organizations Code explicitly provides that "[t]he entry of a charging order is the exclusive remedy by which a judgment creditor of a member or of any other owner of a membership interest may satisfy a judgment out of the judgment debtor's membership interest." Texas law requires that a court "construe statutes according to their plain language, consider them as a whole, and 'presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen.' *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011)." *Walgreens v. McKenzie*, 713 S.W.3d 394, 399 (Tex. 2025). Construing the plain language of that statute compels the conclusion that the statute provides an "exemption" from execution for a limited liability membership interest, regardless of whether the word "exemption" appears in the Texas statute.

The Bankruptcy Code does not define "exemption", whether for purposes of Section 522 or otherwise. However, a traditional definition of "exemption" provided by Black's Law Dictionary, 571 (6th Ed. [*7] 1999) is: "A privilege allowed by law to a judgment debtor, by which he may hold property to a certain amount, or certain classes of property, free from all liability to levy and sale on execution or attachment. *Turrill v. McCarthy*, 114 Iowa, 681, 87 N. W. 607; *Williams v. Smith*, 117 Wis. 142, 93 N. W. 464." Section 101.112(d) clearly provides such a "privilege" and "freedom from levy, sale, and execution" in

respect of LLC membership interests to qualify as "exempt" under a traditional definition of the term.

Consequently, although distributions attributable to an LLC interest may be seized by charging order, neither the LLC interest nor the undistributed assets of the LLC may be.[21]   Therefore, the DAD Interest is exempt from execution; to argue otherwise is to engage primarily in semantics. Presumably, this is why a recent Texas State Bar treatise recognized that "[p]artnership and LLC membership interests are exempt property not subject to a turnover order." *See* ELEMENTS OF THE TURNOVER STATUTE, 2018 TXCLE-AFL 33-II, 2018 WL 6366522.   In a more nuanced vein, the State Bar publication also recognized that "while partnership and LLC membership interests **are property exempt** from turnover, distributions from these interests are also property subject to a turnover order." *Id.* (Emphasis added).

The DAD Interest is a legitimate investment vehicle for two unrelated, individual members.  There have never been any distributions from its only asset— unregistered, non-public stock in an Irish semi-conductor manufacturer named IceMos, with shares titled in the name of the LLC.  Thus, there is no basis for a

---

[21] Whether any court-crafted exceptions to this preclusion are proper under this clear statutory language (*see* Part VIII.B. *infra*) is beyond the scope of this case: in any event, none of those exceptions would apply in this case anyway, and the Trustee has not argued that any do.  *See, e.g., Klinek v. LuxeYard, Inc.*, 672 S.W.3d 830, 839–40 (Tex. App. 2023) (holding that, except for certain very narrow circumstances not present here, no turnover of LLC interests was allowed by Section 101.112(d)).

turnover order under Texas law, and it would be an abuse of discretion to grant a turnover order. *See, e.g., Klinek v. LuxeYard, Inc*., 672 S.W.3d 830, 833–34 (Tex. App. 2023)("the trial court abused its discretion to the extent the turnover order applies to Klinek's ownership interests in … three limited liability companies."); *see also Bran v. Spectrum MH, LLC*, No. 14-22-00479-CV, 2023 WL 5487421, at *11 (Tex. App. Aug. 24, 2023), review denied (Aug. 30, 2024) ("The entry of a charging order is the exclusive remedy by which the Spectrum Parties may satisfy the Judgment out of a membership interest owned by one of the Bran Parties in a limited liability company. Thus, the trial court abused its discretion to the extent that it made the Order applicable to a membership interest in a limited liability company….")   Because there have been no distributions by the LLC to its members, there is no basis for a charging order.

In this *de novo* appeal, the result should be the same--recognition that the DAD Interest is exempt from turnover or any other form of execution under applicable Texas state law. Such "exemption" under Texas law for LLC membership interests must be recognized and given effect in bankruptcy cases under *Butner v. United States*. 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.").

**B. The Rationales of the Courts Below for Rejecting the Plain Language of the Texas Statutes are Erroneous and Should be Rejected by this Court**

Below, the Trustee and the Courts proffered several arguments against the clear import and plain language of the Texas statutes discussed above. The principal of these are refuted below:

**a. Appellant has Cited, as Authority Supporting his Arguments, the Plain Language of the Applicable Texas Statutes and Certain Supporting Commentaries and Cases.**

In the Courts below, it was argued that Debtor cited no binding authority to support his interpretation or application of the Texas statutes—Sec. 31.002 of the Texas Civil Practice and Remedies Code and Section 101.112(d) of the Texas Business Organizations Code—to establish his exemption argument. Both the Bankruptcy Court and the District Court relied on several Texas intermediate courts containing loose, *dicta-type* language holding that LLC Interests are "not exempt" (discussed below). But neither court addressed in detail, much less refuted, the underlying statutory argument raised by Debtor, nor the authorities Debtor cites that specifically discuss the statutory scheme.

As noted, *inter alia*, Section 101.112(d) of the Texas Business Organizations Code explicitly provides that "[t]he entry of a charging order is the exclusive remedy by which a judgment creditor of a member or of any other owner of a membership interest may satisfy a judgment out of the judgment debtor's membership interest" and § 101.112 (f) provides that "[a] creditor of a member or

14

of any other owner of a membership interest does not have the right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited liability company." Collectively, these provisions clearly and explicitly provide that "the entry of a charging order is the 'exclusive remedy by which a judgment creditor of a member or of any other owner of a membership interest may satisfy a judgment out of the judgment debtor's [limited liability] membership interest.'…[and] the relief associated with the issuance of a charging order is very explicitly and narrowly confined to the judgment creditor's right to receive distributions to which the debtor member is otherwise entitled."  Rights of judgment creditor—Charging order, 20 Tex. Prac., Business Organizations § 20:20 (3d ed.).

Under Texas law, "in a statutory construction case such as this, [courts begin] with the plain language of the statute. When that language is clear, that is where [the] inquiry ends."  *Rose v. Select Portfolio Servicing, Inc*., 945 F.3d 226, 231 (5th Cir. 2019); *see also City of Round Rock v. Rodriguez*, 399 S.W.3d 130, 137 (Tex. 2013) ("When a statute is clear and unambiguous, we do not resort to extrinsic aides such as legislative history to interpret the statute.").

Here, the construction of Section 101.112 of the Texas Business Organizations Code, as it applies to an effort to collect from a debtor's LLC interest, is clear: the *exclusive* means of collection is a charging order with respect

to distributions and if there aren't any distributions, there is no means of collection from the interest. If there is no means of collection from the interest, then the inevitable and logical conclusion is that the LLC membership interest is "exempt", whether the statute uses that specific word or not. Again, neither of the Courts below performed this type of statutory analysis or construction.

Notably, to Appellant's knowledge, the Supreme Court of Texas has not decided this issue and there are no Texas Supreme Court cases on point. To that extent, given that exemptions in this case are determined by state and not federal law, this appeal presents an issue of first impression for this federal court when applying the *Erie Doctrine*. Of course, "[w]here, as here, the proper resolution of the case turns on the interpretation of Texas law, [this Court] '[is] bound to apply [Texas] law as interpreted by the state's highest court.' … [Where] the Texas Supreme Court has never ruled on whether the [relevant issue], [this Court] must make an 'Erie guess' as to how the Texas Supreme Court would rule upon the issue." *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 564 (5th Cir. 2010) (citations omitted). In *Rentech* (at 564-67), this Court laid out the various authorities this Court might look at to make its "*Erie* guess" and did not *ipso facto* follow any decisions of intermediate or lower state courts.

In construing a provision of the worker's compensation statutes, the *Rentech* Court primarily relied on the language of the statute itself and did not defer to intermediate state appellate court decisions:

> We are convinced by the plain language of section 406.033 and by *Fairfield* that the Texas Supreme Court would not follow *Robertson*, so we do not defer to it. *Mem'l Hermann Healthcare Sys., Inc., v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir.2008) (explaining that **we need not defer to an intermediate state appellate court decision where we are "convinced by other persuasive data that the highest court of the state would decide otherwise."**); *see also Warfield*, 436 F.3d at 558 (holding that **the Texas Supreme Court would follow those decisions that were most consistent with the "plain reading" of the statute**).

*Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, *supra* at 567 (emphasis added). The Court also noted that treatises and other materials may also be considered. *Id*.

In this case, both Courts below ignored the plain language of the statute and instead relied on the language of intermediate Texas courts that carelessly labeled LLC interests as non-exempt or crafted exceptions to the statute that are not contained in the statute.[22] These statements that membership interests are "non-

---

[22] *See* cases cited at District Court Opinion at 4-5. However, in these cases either the LLC interest(s) at issue was not ordered turned over or it was so ordered on one of the judicially crafted exceptions not approved by either the Texas legislature or the Texas Supreme Court; in any event, these exceptions are not applicable on the facts of this case because this is not a "situation[] where the purpose of the charging order exclusivity rule is lost." *WC 4th & Colorado, LP v. Colorado Third St., LLC*, No. 14-22-00764-CV, 2025 WL 1225841, at *4 (Tex. App. Apr. 29, 2025). The cases more in line with the plain language of the statutes are those that simply deny a turnover of any membership interest. *See, e.g., Klinek v. LuxeYard, Inc*., 672 S.W.3d 830, 840 (Tex. App.—Houston [14th Dist.] 2023, no pet.)("To the extent the trial court ordered turnover of Klinek's ownership interests in the limited liability companies identified in Nichols's affidavit, it abused its discretion.").

exempt" are contrary to the clear language of the statute: while they may be partially correct in that distributions from those interests are not exempt from collection, it is certainly not true that a creditor may collect from an LLC membership interest or the LLC's underlying assets (at least prior to actual distribution).[23] Thus, the various court-created exceptions that courts have fashioned allowing turnover of LLC interests in certain narrow circumstances should not be followed as contrary to the plain language of the statutes discussed above; in any event, those exceptions are not applicable in this case (nor has the Trustee argued that they are).

### b. Neither the Bankruptcy Law nor Texas Law Limit State Law Exemptions to Those Found in the Texas Constitution or Texas Property Code.

In the Exemption Order, the Bankruptcy Court indicated that Debtor's DAD Interest could not be "exempt" under the Bankruptcy Code because the basis for the claimed exemption is not found in "any relevant section of the Texas Constitution or Property Code."[24] *See also* District Court Order[25]. But neither Federal nor State law imposes such a requirement. First, 11 U.S.C. § 522(b)(3) refers only generally to "State law" as the place where relevant exemptions may be

---

[23] Perhaps these courts overlooked the distinction pointed out by the Bar article discussed above that "while partnership and LLC membership interests are property exempt from turnover, distributions from these interests are also property subject to a turnover order." ELEMENTS OF THE TURNOVER STATUTE, 2018 TXCLE-AFL 33-II, 2018 WL 6366522, *supra*.
[24] ROA.18.
[25] ROA.156.

found; it does not specify where in State law that exemption must reside. Nor does Texas law limit the "statutory locale" of exemptions to a particular place in the Texas Constitution, Property Code, or other statutes; in fact, the Property Code contains multiple sections of exemptions as well as references to other places in the code where encumbrances might be prohibited. *See* Pers. Prop. Code 42.002 (b) ("unless precluded from being encumbered by other law").

No authority was cited below, and counsel has not located any, that restricts Texas state law exemptions to those found only in the Constitution or Property Code and excludes those found elsewhere in State law or other statutes such as the Business Organizations Code or the Insurance Code. In fact, there are numerous other provisions of Texas law outside of the Constitution or Property Code that recognize enforceable exemptions. Here are some examples of exemptions that are found in the Texas statutes outside of the Constitution or the Property Code – and of particular note, several of these "exemptions" found in other statutes do not use or contain the term "exemption" in precluding creditors from reach such property interests:

- Life Insurance Proceeds and Annuities: Tex. Ins. Code Ann. § 1108.051 (West) ("insurance or annuity benefits … are fully exempt").

- Public Employee Benefit Programs: Municipal Employees
    - Texas Municipal Retirement System--Texas Government Code § 851.006 ("all retirement annuity payments, other benefit payments, and a member's accumulated contributions are unassignable and are

exempt from execution, garnishment, attachment, and state and local taxation.").

- o <u>Municipal Retirement System in Municipalities of 460,000 to 500,000</u>--Texas Revised Civil Statutes art. 6243n § 11(d)("Subject to the exceptions provided by this subsection, the funds or money mentioned in this Act are not assignable and are not subject to execution, levy, attachment, garnishment, the operation of bankruptcy or insolvency law, or any other process of law whatsoever."). **Term Exempt Not in Statute**.

- • <u>Public Employee Benefit Programs: County Employees</u>
  - o <u>Texas County and District Retirement System</u>. "All retirement annuity payments, other benefit payments, and a member's accumulated contributions are unassignable and are exempt from execution, garnishment, attachment, and state and local taxation." Tex. Gov't Code Ann. § 841.006 (West).

- • <u>Public Employee Benefit Programs: Education System</u>
  - o <u>Employees Teacher Retirement System of Texas</u>. "All retirement allowances, annuities, refunded contributions, optional benefits, money in the various retirement system accounts, and rights accrued or accruing under this subtitle to any person are exempt from garnishment, attachment, state and municipal taxation, sale, levy, and any other process, and are unassignable." Tex. Gov't Code Ann. § 821.005 (West)
  - o <u>Texas Public School Retired Employees Group Benefits</u>. "a) The following are exempt from execution, attachment, garnishment, or any other process: (1) benefit payments, active employee and state contributions, and retiree, surviving spouse, and surviving dependent child contributions; (2) any rights, benefits, or payments accruing to any person under this chapter; and (3) any money in the fund." Tex. Ins. Code Ann. § 1575.006 (West).

- • <u>State University Employees Uniform Insurance Benefits Act</u>. "All insurance benefits and other payments and transactions made under this chapter to a

participant under this chapter are exempt from execution, attachment, garnishment, or any other process." Tex. Ins. Code Ann. § 1601.008 (West).

- <u>Public Employee Benefit Programs: Judicial System Employees</u>

    - <u>Judicial Retirement System of Texas Plan One</u>. "All annuity and other benefit payments from the retirement system, contribution refunds, and rights accrued or accruing under this subtitle to any person are exempt from garnishment, attachment, state and local taxation, levy, sale, and any other process, and are unassignable." Tex. Gov't Code Ann. § 831.004 (West)

    - <u>Judicial Retirement System of Texas Plan Two</u>. "All annuity and other benefit payments from the retirement system, contribution refunds, and rights accrued or accruing under this subtitle to any person are exempt from garnishment, attachment, state and local taxation, levy, sale, and any other process and are unassignable." Tex. Gov't Code Ann. § 836.004 (West).

- <u>Public Employee Benefit Programs: Police Officers and Fire Fighters</u>

    - <u>Police Officers' Pension System in Cities of 50,000 to 400,000 Populations</u>. Texas Revised Civil Statutes art. 6243j § 20 ("no amounts due or to become due any beneficiary or pensioner, under this Act, shall ever be held, seized, taken, subjected to, detained, or levied upon by virtue of any execution, attachment, garnishment, injunction, or other writ, and no order or decree, and no process or proceedings whatsoever, shall issue out of or by any court of this State for the payment of satisfaction, in whole or in part, out of said Pension System Fund, of any debt, damage, claim, demand, or judgment against any such members.").**Term Exempt Not in Statute.**

    - <u>Police Officers Pension System in Certain Municipalities</u>. Texas Revised Civil Statutes art. 6243g-4 § 28 (same).

    - <u>Policemen's Relief and Retirement Fund</u>. Texas Revised Civil Statutes art. 6243d-1 § 17 (same).

    - <u>Firefighters Relief and Retirement Fund in Cities of 450,000 to 500,000</u>. Texas Revised Civil Statutes art. 6243e.1 § 1.04 ("All retirement annuity payments, other benefit payments, and a member's

accumulated contributions are unassignable and are exempt from execution, garnishment, attachment, and state and local taxation.").

- o Texas Local Fire Fighters Retirement Act. Texas Revised Civil Statutes art. 6243e § 5 ("All amounts in a trust fund of a retirement system subject to this Act and all rights accrued or accruing under this Act to any person are exempt from garnishment, attachment, execution, state and municipal taxation, sale, levy, and any other process and are unassignable.").

- o Pension System for Police Officers and Firefighters in Certain Cities. Texas Revised Civil Statutes art. 6243a-1 § 8.03 ("A portion of the fund or benefit or amount awarded to any primary party qualified survivor or beneficiary of a member's DROP account under this article may not be held, seized, taken, subjected to, or detained or levied on by virtue of any execution, attachment, garnishment, injunction, or other writ, order, or decree, or any process or proceedings issued from or by any court for the payment or satisfaction, in whole or in part, of any debt, damage, claim, demands, or judgment against any person entitled to benefits.") **Term Exempt Not in Statute.**

- o Police and Firefighter Retirement System in Municipalities of 750,000 to 1,000,000. Texas Revised Civil Statues art. 6243o § 1.05 ("Fund assets are exempt from attachment, execution, alienation, and forced sale.").

- o Retirement Health Trust for Firefighters and Police Officers. Texas Revised Civil Statues art. 6243q § 1.05 ("The health benefits paid or payable by the fund are exempt from garnishment, assignment, attachment, judgments, other legal processes, and inheritance or other taxes established by this state.").

- Humanitarian Exemptions

  - o Financial Assistance to Survivors of Law Enforcement Officers and Firefighters. Texas Government Code § 615.005(b) ("Money paid or payable under this chapter is not subject to execution, levy, attachment, garnishment, or other legal process or to the operation of any insolvency law.") **Term Exempt Not in Body of Statute.**

  - o Financial Assistance and Service Programs (Aid to Families with Dependent Children). ("Texas Human Resources Code § 31.040 the

funds are not subject to execution, levy, attachment, garnishment, or other legal process or to the operation of an insolvency law."). **Term Exempt Not in Body of Statute.**

o   Medical Assistance Program.   Texas Human Resources Code § 32.036 ("No money paid or payable under the provisions of this chapter is subject to execution, levy, attachment, garnishment, or any other legal process, or the operation of any insolvency law."). **Term Exempt Not in Body of Statute.**

o   Unemployment Benefits. Texas Labor Code § 207.075 ("A right to benefits is exempt from levy, execution, attachment, or any other remedy for debt collection.").

o   Worker's Compensation Benefits: Tex. Labor Code Ann. § 408.201 (West) ("Benefits are exempt from: (1) garnishment; (2) attachment; (3) judgment; and (4) other actions or claims.").

o   Benefits Provided by Fraternal Benefit Societies. Texas Insurance Code § 885.316 ("Money or another benefit or charity to be paid or provided by a fraternal benefit society, before or after payment is not subject to attachment, garnishment, or other process and may not be seized or applied by any legal or equitable process or operation of law to pay any debt or liability of a member."). **Term Exempt Not in Body of Statute.**

As these examples readily demonstrate, Texas does not require that an exemption reside only in the State's Constitution or in the Property Code.

### c. The Trustee is Subject to the Plain Language of the Statutes Discussed Herein.

Finally, as asserted on Page 4 of the Trustee's brief in the District Court, the Trustee's principal argument in the Court below was that he was entitled to the LLC interest as property of the bankruptcy estate and that Texas laws precluding creditors from executing on such property did not apply to him:

> Appellee, as the chapter 7 trustee, is not a creditor of the debtor. Rather, the Appellee takes control of all property of the estate, including the LLC Interest.

That argument ignores the real question presented to the Court by the Texas statutes prohibiting execution on the property by creditors - is the property exempt under state law so that it is removed from the bankruptcy estate once the debtor claims the exemption?

Section 541 of the United States Bankruptcy Code (11 U.S.C. §§101, et seq.) defines property of the estate to include "...all legal or equitable interests of the debtor in property as of the commencement of the case." That broad definition or inclusion does not in any way override exemptions granted under either Federal or State law.

Indeed, the Bankruptcy Code explicitly provides that "[n]otwithstanding section 541 of this title [*e.g.*, 11 U.S.C. §§101], an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection."  11 U.S.C.A. § 522 (West).  Thus, the Trustee's suggestion that "all" in Section 541 brings the LLC Interest into the bankruptcy estate is somewhat misleading and only part of the analysis since the Debtor's claim of an exemption for such property, if valid, removes that interest right back out of the estate under Section 522. Stated differently, the LLC Interest is property of the bankruptcy estate only until, as here, the Debtor claims a valid

exemption for the interest, whereupon the interest is removed from the estate. The real question here is whether the LLC Interest is exempt under state law and the Trustee's argument that it is not exempt (and that the Texas statute does not apply to him) because it is property of the bankruptcy estate "puts the cart before the horse" and is circular reasoning that should be rejected.

Second, the Trustee's argument that the provisions of the Texas Business Organizations Code cited above do not apply to him because he is not a "judgment creditor" also fails because (i) Texas state courts have held that these provisions do not apply to only creditors but also to turnover receivers, and (ii) the capacity, office, responsibilities, and duties of a bankruptcy trustee and a turnover receiver as to gathering property to distribute to creditors are substantially the same under each statutory scheme.

The clear trend in recent Texas cases is that the exclusivity of the charging order remedy applies not just to creditors but also to court-appointed receivers. *See, e.g., Bran v. Spectrum MH, LLC*, 2023 WL 5487421 (Tex. App.—Houston [14th Dist.] 2023) (holding that the LLC charging order statute is a special provision that prevails over the general receivership provision); *Pajooh v. Royal W. Invs. LLC, Series E*, 518 S.W.3d 557, 560 (Tex. App. 2017) (receivership denied based on argument that "the Business Organizations Code provides that a charging order is the exclusive remedy by which a judgment creditor may satisfy a judgment

from the membership or partnership interest of a judgment debtor. TEX. BUS. ORGS. CODE §§ 101.112(d), 153.256(d)"); Rights of judgment creditor— Charging order, 20 Tex. Prac., Business Organizations § 20:20 (3d ed.) ("there appear to be cases refuting the contention that the exclusivity of the charging order remedy only applies to judgment creditors and not to court-appointed receivers").

Accordingly, the Trustee, as a functional equivalent of a state law turnover receiver, is in fact subject to the exclusivity of the charging order remedy; thus, the Trustee may not seek any relief against the Debtor's interest in DAD Drilling, which is therefore exempt.

## VIII. CONCLUSION

The Bankruptcy Court erred when it sustained the Trustee's Objection as to Debtor's claim of exemption as to DAD Drilling and the District Court erred in affirming that Objection. That portion of the Exemption Order should therefore be vacated and judgment rendered that Debtor's membership interest in DAD Drilling is exempt property under Section 522 of the Bankruptcy Code. Alternatively, the Exemption Order should be vacated and this matter remanded to the Bankruptcy Court for further proceedings consistent with this Court's opinion. Appellant should be awarded his costs in this appeal and granted such other and further relief to which he may be justly entitled.

Dated: August 29, 2025.                    Respectfully submitted,

                                           */ s / John P. Lewis, Jr.*
                                           John P. Lewis, Jr.
                                           Texas State Bar No. 12294400
                                           HAYWARD PLLC
                                           10501 N. Central Expwy., No. 106
                                           Dallas, Texas 75231
                                           Telephone: 972-755-7106 (Direct/Fax)
                                           Email:  jplewisjr@haywardfirm.com

                                           Attorney for Appellant,
                                           William R. Canada, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2025, I caused a true and correct copy of the foregoing *Appeal Brief of Appellant William R. Canada, Jr.* to be served by email attachment and electronic noticing upon Daniel J. Sherman, Esq., Sherman & Yaquinto, L.L.P., 509 N. Montclair Avenue, Dallas, TX 75208.

                                           */ s / John P. Lewis, Jr.*
                                           John P. Lewis, Jr.

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitations of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because this brief contains 6,950 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in Times New Roman style and 14-point font (except for footnotes which are in 12-point font).

                                           */ s / John P. Lewis, Jr.*
                                           John P. Lewis, Jr.